**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Mavis Burt, | ) | |
| | ) | |
| Plaintiff, | ) | **CASE MANAGEMENT ORDER I** |
| | ) | |
| vs. | ) | |
| | ) | |
| Novartis Pharmaceuticals Corporation, | ) | |
| | ) | Case No. 1:12-cv-128 |
| Defendant. | ) | |

_____

The court held a case management/status teleconference with the parties in the above-entitled action on December 18, 2012. Attorney Phillip Miller appeared on plaintiff's behalf. Attorneys Patrick Harkins and Rebecca Thiem appeared on defendant's behalf. In advices of the telephone conference, the parties were directed to file a proposed scheduling/discovery plan.

The above case is a products liability drug case that recently was transferred to this district. Originally, the case was filed in the Southern District of New York. It was then transferred to an MDL proceeding in the Middle District of Tennessee. While pending there, discovery was conducted that primarily, although not exclusively, was focused upon liability issues. In addition, the court has been advised that certain motions have been filed and briefed, but the parties are in disagreement regarding whether the motions should be decided now without any further briefing or whether the motions should be mooted and replaced by new motions or, at the very least, the present motions supplemented. Also, the parties are in disagreement regarding the amount of work that needs to be completed prior to trial. While both parties agree there needs to case-specific damage discovery, the parties disagree about whether anymore expert discovery is needed or appropriate.

During the telephone conference it was not possible to resolve all of the scheduling issues.

However, the court did give the parties dates for a final pretrial conference and trial, so at least the case would get onto the court's trial calendar. In addition, the court did establish some additional scheduling requirements, requested the parties to provide information regarding the pending motions, and directed plaintiff's attorneys to update their list of liability experts. With respect to the last two items, the parties indicated the information would be provided within thirty days. However, in view of the upcoming holidays, the fact the next case management conference will not be for some time, and the fact the parties likely have other cases more pressing, the court concludes March 1, 2013, would be soon enough.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. The parties may proceed immediately with damage discovery. There shall be no further expert discovery until further order of the court. If either party desires to conduct expert discovery prior to the next scheduled case management conference, the party should contact the undersigned's chambers and request a conference call.

2. Plaintiff shall provide defendant and file with the court an updated list of her liability experts by March 1, 2013.

3. The parties shall by March 1, 2013, provide the court with a list of the outstanding motions and briefs related to those motions, referencing the docket entries where the same may be found. If the motions and briefs are only in the MDL docket, the court can access that, but will discuss with the parties at the next conference whether the motions and briefing should be re-filed in this district.

4. Plaintiff shall by May 1, 2013, provide defendant with a list of damage witnesses who may be called by plaintiff in support of the damage claims.

5. Presumably, some transcripts of deposition and court testimony from experts were filed in the MDL proceeding. Although not specifically discussed during the telephone conference, the parties are directed to provide the court with list of any such transcripts by March 1, 2013, that references the name of the deponent or person testifying and the docket number where the transcripts are filed.

6. Before the next case management conference, plaintiff shall direct the court to the docket entries relevant to the substitution of plaintiffs that has taken place since the initial filing of the case, including moving documents, stipulations, responses, and court rulings.

7. The court will attempt to provide further deadlines following the next case management conference that has been scheduled by separate order.

8. The parties are directed to the provisions of court's Local Rules governing the handling of discovery disputes. The Local Rules are on the court's website.

**IT IS SO ORDERED.**

Dated this 20th day of December, 2012.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court